# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF KENTUCKY
# SOUTHERN DIVISION
# at PIKEVILLE

**Civil Action No. 07-112-HRW**

**JESSIE THOMPSON,**                                                    **PLAINTIFF,**

**v.**                          **MEMORANDUM OPINION AND ORDER**

**MICHAEL J. ASTRUE**
**COMMISSIONER OF SOCIAL SECURITY,**                      **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge

a final decision of the Defendant denying Plaintiff's application for disability

insurance benefits.  The Court having reviewed the record in this case and the

dispositive motions filed by the parties, and being otherwise sufficiently advised,

for the reasons set forth herein, finds that the decision of the Administrative Law

Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for  disability insurance benefits on

August 12, 2004, alleging disability beginning in November 2000, due to

fibromyalgia, heart problems, pain in her legs, arms, back, knees and ankles and

depression.

This application  was denied initially and on reconsideration .

On September 21, 2006, an administrative hearing was conducted by

Administrative Law Judge James Kemper (hereinafter "ALJ"), wherein Plaintiff,

accompanied by counsel, testified (Tr. 269-294). At the hearing, Leah Salyers, a

vocational expert (hereinafter "VE"), also testified (Tr. 295-298).

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the

following five-step sequential analysis in order to determine whether the Plaintiff

was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On December 26, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 14-23).

Plaintiff was 54 years old at the time of the hearing decision. She has a high school education and past relevant work experience as an office assistant for the Pike County Board of Education.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 16).

The ALJ then determined, at Step 2, that Plaintiff suffered from dysthymic disorder, which he found to be "severe" within the meaning of the Regulations (Tr. 17).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 18). In doing so, the ALJ specifically considered listing 12.04 (Tr. 18-19).

The ALJ further found that Plaintiff could not return to his/her past relevant work (Tr. 21) but determined that she has the residual functional capacity ("RFC") to perform the full range of medium work (Tr. 19).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 22).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 18, 2007 (Tr. 4-6).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 6 and 7] and this matter is ripe for decision.

## III. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

4

*Services,* 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff raises a single issue on appeal, to-wit, that the ALJ should have recontacted her treating physician, Dr. Dale Adkins, to determine whether additional information was available.

The regulations provide that when the record is inadequate, the ALJ will recontact the appropriate medical source to determine whether the additional needed information is readily available. 20 C.F.R. §§ 404.912(e).

The Court finds that, in this case, ALJ was under no compulsion to re-contact Dr. Adkins. *See* 20 C.F.R. 404.1512(e). Indeed, the ALJ had a full record before him, which included records from treating sources as well as consultative examiners. The Court finds no inadequacy in the record. Moreover, it is clear from his detailed decision that the ALJ carefully considered the findings of various medical sources, treating and otherwise, and formulated the RFC based upon the same.

The Court is mindful that is the **inadequacy** of the record which triggers the obligation re-contact the physician. However, here, it appears that Plaintiff's dissatisfaction with the ALJ's consideration of Dr. Adkins' opinion is driving her claim of error. The ALJ declined to afford Dr. Adkins' assessment of Plaintiff controlling weight. In order to be given such weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. § 416.927(d)(2). *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Here, Dr. Adkins' assessment of extreme functional impairment is not supported by his own objective findings as reflected in his treatment notes (Tr. 207-220). Further, Dr. Adkins' opinion is not consistent with the other medical evidence of record; no other medical source found Plaintiff to be impaired to such a degree that all competitive and remunerative work-activity would be precluded.

The Court finds no error in the ALJ's assessment of the evidence. To the contrary, his decision appears to be based upon substantial evidence on the record as a whole.

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This ___3___ day of January, 2008.


_____

HENRY R. WILHOIT, JR.
SENIOR U.S. DISTRICT JUDGE

7